RECEIPT # 57486
AMOUNT $ 150
S. AMON   $D
LOCAL R
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 7-22-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. _____

04-11628 RCL

MAGISTRATE JUDGE Colon

JOHN SOUSOURIS )
   Plaintiff )
)
Vs. )
)
DELTA AIR LINES, INC. )
   Defendant )
)

COMPLAINT AND DEMAND FOR JURY TRIAL

**Introduction**

1. This is an action brought by John Sousouris against a company he applied to for employment, Delta Air Lines, Inc. The action is brought under 42 U. S. Code Section 2000e et seq. and 29 U.S. Code Section 621 et seq. for unlawful discrimination based on age. Mr. Sousouris was 56 years old at the time he was improperly not hired by Delta Air Lines, Inc.

**Jurisdiction and Venue**

2. Jurisdiction over this matter lies in this Court pursuant to 42 USC Section 2000e-5, and 28 USC Sections 1331 and 1343.

3. Venue in this District Court is proper, because for the purpose of the venue of this action, the illegal employment practices complained of herein occurred in Hanover, Plymouth County, Massachusetts, Plaintiff is a resident of Hanover, Plymouth County, Massachusetts, and Defendant has a principal place of business in Boston, Suffolk County, Massachusetts.

4. On September 13, 2001 Mr. Sousouris filed a timely charge of discrimination on the basis of age with the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission.

5. Mr. Sousouris has requested that his charges of discrimination pending at the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission be withdrawn to allow him to file suit in court. These requests have been granted. On April 26, 2004 a Right to Sue Letter was issued to

1

Mr. Sousouris by the United States Equal Employment Opportunity Commission, which letter was received by Mr. Sousouris on or after April 27, 2004. The Right to Sue Letter is appended to this Complaint as Attachment A. Mr. Sousouris has exhausted his administrative remedies and has timely invoked the jurisdiction of this Court.

**The Parties**

6. Plaintiff John Sousouris is a resident of Hanover, Plymouth County, Massachusetts. His date of birth is January 6, 1945. At the time he applied for and was rejected for employment with Defendant he was 56 years old.

7. Defendant Delta Air Lines, Inc. ("Delta"), is a foreign Corporation with a principal place of business in Boston, Suffolk County, Massachusetts. At all times relevant to this Delta has conducted significant business in Massachusetts, and in its dealings with Plaintiff which are the basis of this lawsuit, Delta communicated with Plaintiff while he was in Massachusetts.

8. At all times relevant to this Complaint, Delta was an employer within the meaning of 42 USC Section 2000e, was engaged in an industry affecting commerce within the meaning of 42 USC Section 2000e, and in all other respects met all of the requirement for coverage under 42 USC Section 2000e et seq. and 29 U.S. Code section 621 et seq.

9. At all times relevant to this Complaint, Mr. Sousouris was a qualified candidate for employment with Delta.

**Factual Background**

10. John Sousouris was born on January 6, 1945. At all times relevant to this Complaint, he has been over 40 years of age. In 2001 when the illegal actions alleged herein occurred, he was 56 years of age. Mr. Sousouris had always wanted to be an aircraft mechanic. Accordingly, after a long and successful career in the machine tool manufacturing business and the vending machine business, in 1999 Mr. Sousouris enrolled at East Coast Aerotech in Bedford, Massachusetts to learn how to be an aircraft mechanic.

11. Mr. Sousouris graduated from East Coast Aerotech with honors, in October 2000. He was the oldest student in his graduating class. Most other students were in their 20's and 30's.

12. Upon graduation from East Coast Aerotech, Mr. Sousouris began the FAA licensing process. He promptly received his FAA certification. He did better on his testing than most of his classmates. Mr. Sousouris received his temporary certification in December 2000.

13. Starting in October 2000, Mr. Sousouris applied for jobs with various airlines including Delta. He was offered, but declined, a job with an airline in Texas. However, in the course of applying for the Texas job, Mr. Sousouris had a satisfactory FBI and DOT background investigation.

14. By approximately early January 2001, Mr. Sousouris had not heard anything from Delta in response to his inquiry in October. However, he did hear from people at East Coast Aerotech that Delta was recruiting for aircraft mechanics. Also, three of Mr. Sousouris' classmates at East Coast Aerotech had already been hired by Delta. Of these three people, all were substantially younger than Mr. Sousouris (being approximately 25, 26 and 30 years of age), and Mr. Sousouris had done better in school than any of them had.

15. After Mr. Sousouris did not hear from Delta. he sent another copy of his resume to Delta. Although the resume did not state Mr. Sousouris' age or date of birth, it was obvious from reviewing the work experience listed on the resume that Mr. Sousouris was at least 45-50 years of age.

16. After sending the resume to Delta, Mr. Sousouris called Delta. Mr. Sousouris had obtained the name of Donald Lawson at Delta as being the person who was recruiting mechanics.

17. Mr. Sousouris left a phone message for Mr. Lawson indicating he was inquiring about a mechanic position, and within minutes Mr. Lawson returned his call. Mr. Lawson said that he was "hiring right now at Logan...I need nine people in line maintenance." Mr. Lawson then asked Mr. Sousouris to send him his resume. Mr. Sousouris said that he had already done so. Mr. Lawson said that Mr. Sousouris should hold on so he could "check the computer." After awhile, Mr. Lawson said he would get back to Mr. Sousouris in two to three weeks.

18. Three weeks passed and Mr. Sousouris did not hear from Mr. Lawson. Mr. Sousouris tried to reach Mr. Lawson, and left several messages for him, but Mr. Lawson would not return Mr. Sousouris' calls. Finally, after several attempts, Mr. Sousouris reached Mr. Lawson. Mr. Lawson again said he would be in touch in two to three weeks, after "others" could look at Mr. Sousouris' resume.

19. Once again, Mr. Sousouris heard nothing from Mr. Lawson or Delta during the three weeks. However, during this time Mr. Sousouris spoke with one of his younger classmates at East Coast Aerotech, who informed Mr. Sousouris that he (his classmate) had been interviewed by Delta one week after submitting his resume. Another younger classmate who had already been hired by Delta told Mr. Sousouris that Delta still needed mechanics and was still hiring.

20. In light of this new information, on or after March 24, 2001, Mr. Sousouris reached Mr. Lawson on the phone, after five attempts. Mr. Sousouris told Mr. Lawson that his classmate had been interviewed only one week after sending in his resume. In response, Mr. Lawson said:

> "John, let me tell you something buddy. If I were you and had my FAA certificate, I'd look for a job with another airline."

21. When Mr. Sousouris asked Mr. Lawson why he should look elsewhere, Mr. Lawson said that he would "take care of it." He sent Mr. Sousouris a job application by Federal Express. Mr. Sousouris immediately filled it out and returned it to Delta. Mr. Sousouris never heard from Delta again. After submitting the application, Mr. Sousouris was told by a classmate who had been hired by Delta that the positions at Logan had never been completely filled.

22. Delta never met Mr. Sousouris and never interviewed him. It rejected Mr. Sousouris and refused to hire him or to interview him, based solely upon his resume. Based solely upon that resume, Mr. Sousouris was more qualified than his classmates who were interviewed and/or hired by Delta. In actuality, Mr. Sousouris was more qualified than those individuals. Based upon that resume, Delta knew that Mr. Sousouris was at least 45-50 years of age.

23. As is set forth above, on or after March 24, 2001, Mr. Sousouris found out that Delta was not interested in hiring him as an aircraft mechanic, a position for which he had applied. Mr. Sousouris was highly qualified for the aircraft mechanic position he applied for with Delta, and if he had been hired he would have performed the job in a highly satisfactory manner. The sole reason Mr. Sousouris was not hired by Delta was his age. Delta discriminated against Mr. Sousouris due to his age, and refused to interview Mr. Sousouris or to hire him due to his age, in violation of 42 US Code Section 2000e et seq., and 29 US Code Section 621 et seq.

24. The only explanation for Delta's refusal to hire Mr. Sousouris, and its refusal to even interview him when it was actively seeking to fill job vacancies for which he was highly qualified, is discrimination against Mr. Sousouris on the basis of his age. There was no valid, nondiscriminatory business reason for Delta to refuse to interview Mr. Sousouris or to refuse to hire him.

25. The actions of Delta set forth above constitute intentional discrimination against Mr. Sousouris on the basis of his age. These actions are in violation of 42 US Code section 2000e et seq. and 29 US Code Section 621 et seq.

26. Delta's illegal actions towards Mr. Sousouris as set forth herein were intentional, knowing and willful. The illegal actions of Delta toward Mr. Sousouris as set forth herein have caused him to suffer much financial harm and emotional pain and suffering. Those financial and emotional injuries will continue well into the future.

**Count I-Against Delta Air Lines, Inc. for Discrimination on the Basis of Age and Discriminatory Failure to Hire Due to Age, in Violation of 42 USC Section 2000e and 29 U. S. Code Section 621**

27. Plaintiff realleges and incorporates by reference as if fully set forth herein paragraphs 1-26 above.

28. By its actions set forth above, Delta Air Lines, Inc. has discriminated against Mr. Sousouris on the basis of his age, by refusing to hire him on the basis of his age, in violation of 42 USC Section 2000e et seq. and 29 U. S. Code Section 261 et seq. and 29 U. S. Code section 263.

WHEREFORE, Plaintiff demands that this Court enter judgment in his favor and against Delta Air Lines, Inc., in an amount to be determined by this Court, including monies to compensate him for lost back pay, lost benefits, lost front pay, injury to his career, liquidated damages, punitive damages, emotional pain and suffering, attorneys fees, interest, costs, lost future earning capacity, and any such other and further relief that this Court deems just and proper.

**JURY TRIAL DEMAND**

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS AND ISSUES SO TRIABLE.**

> JOHN SOUSOURIS
> By his attorney,
> MITCHELL J. NOTIS
>
> _____
> MITCHELL J. NOTIS        7/22/04
> Law Office of Mitchell J. Notis
> 370 Washington Street
> Brookline, MA 02445
> 617-566-2700
> BBO# 374360

5

EEOC Form 161-B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: John Sousouris
165 Hanover Street,
Hanover, MA 02339

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2002-00123 | Rance A. O'Quinn, Enforcement Supervisor | (617) 565-3192 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Robert L. Sanders,
Director

APR 2 6 2004
(Date Mailed)

Enclosure(s)

cc: DELTA AIR LINES, INC.
P.O.Box 20706
Atlanta, GA 30320

Mitchell Jay Notis
Attorney At Law
370 Washington Street
Brookline, MA. 02445

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) John Sousouris vs. Delta Air Lines, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

    04-11628 RCL

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)
   YES    **NO**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   **YES**    NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       **EASTERN DIVISION**        CENTRAL DIVISION        WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Mitchell Notis - Law Office of Mitchell Notis
ADDRESS          370 Washington St, Brookline MA 02445
TELEPHONE NO.    617-566-2700

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

John Sousouris

**DEFENDANTS**

Delta Air Lines, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER): 617-566-2700
Mitchell Notis
Law Office of Mitchell Notis
370 Washington St
Brookline MA 02445    BBO# 374360

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits |  / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  | ☐ 871 IRS — Third Party 26 USC 7609 |
|  |  | ☐ 555 Prison Condition |  | ☐ 890 Other Statutory Actions |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Defendant refused to hire plaintiff due to his age, in violation of 42 USC § 2000e and 29 USC § 621 et seq.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): JUDGE _____    DOCKET NUMBER _____
IF ANY

DATE: 7/22/04    SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____