UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Sousouris<br>    Plaintiff,<br><br>v.<br><br>Delta Air Lines, Inc.<br>    Defendant. | Civil Action No. 04-11628 RCL |

## ANSWER

The Defendant, Delta Air Lines, Inc. ("Delta"), answers Plaintiff's Complaint as follows:

### INTRODUCTION

1. Delta admits that Plaintiff John Sousouris sought employment with Delta. Delta denies that it discriminated against Mr. Sousouris in any way and denies the remaining allegations contained in Paragraph 1 of the Complaint.

### ALLEGED JURISDICTION AND VENUE

2. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residence and therefore denies same. Delta states that its principal place of business is in Atlanta, Georgia. Delta denies the remaining allegations contained in Paragraph 3 of the Complaint.

BO1 15682995.4

4. Delta admits that the Plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission. Delta denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Delta admits that Sousouris requested that his charge of discrimination at the MCAD be withdrawn and that the MCAD dismissed Plaintiff's claim in a letter dated April 26, 2004. Delta denies the remaining allegations contained in Paragraph 5 of the Complaint.

## ALLEGED PARTIES

6. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies same.

7. Delta admits that it is a foreign corporation with its principal place of business in Atlanta, Georgia. Delta admits that it conducts business in Massachusetts. Delta denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Delta denies the allegations contained in Paragraph 9 of the Complaint.

## ALLEGED FACTUAL BACKGROUND

10. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies same.

2

11. Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies same.

12. Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies same.

13. Delta admits that Sousouris submitted a resume and application with Delta. Delta lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint and therefore denies same.

14. Delta denies the allegations contained in Paragraph 14 of the Complaint.

15. Delta admits that Sousouris' resume did not contain his age or date of birth. Delta denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Delta admits that Sousouris called Delta and spoke to Don Lawson who is a recruiter involved in hiring mechanics. Delta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint and therefore denies same.

17. Delta admits that Sousouris left a message with Lawson and that Lawson spoke to Sousouris about the mechanic position. Delta admits that Lawson asked Sousouris to send his resume. Delta denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Delta admits that Sousouris left one or more messages for Lawson and that they spoke again. Delta denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Delta lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint and therefore denies same.

20. Delta denies the allegations contained in Paragraph 20 of the Complaint.

21. Delta denies the allegations contained in Paragraph 21 of the Complaint.

22. Delta admits that Sousouris was not interviewed. Delta denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Delta admits that it did not offer Sousouris a position. Delta denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Delta denies the allegations contained in Paragraph 24 of the Complaint.

25. Delta denies the allegations contained in Paragraph 25 of the Complaint.

26. Delta denies the allegations contained in Paragraph 26 of the Complaint.

## ALLEGED COUNT I

27. Delta realleges and incorporates by reference its responses to Paragraphs 1 through 26 of the Complaint.

28. Delta denies the allegations contained in Paragraph 28 of the Complaint.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## THIRD DEFENSE

Venue is not proper in this Court pursuant to the doctrine of forum non-conveniens.

## FOURTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act by Delta, Plaintiff has failed to mitigate his damages.

## FIFTH DEFENSE

Plaintiff has failed to make reasonable and diligent efforts to obtain comparable employment.

## SIXTH DEFENSE

Damages sustained by Plaintiff, if any, were not proximately caused by Defendant's actions.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to exhaust administrative remedies and/or satisfy jurisdictional prerequisites.

## NINTH DEFENSE

To the extent that Plaintiff's claims are based on alleged disparate treatment, he fails to identify any similarly situated employees who were treated differently.

## TENTH DEFENSE

Delta's decision not to hire Plaintiff was based upon legitimate, non-discriminatory business reasons.

## RESERVATION OF RIGHTS

Delta reserves the right to raise additional defenses as may be discovered during the course of these proceedings.

WHEREFORE, Delta prays that the Complaint be dismissed and that the Court provide Delta with such other remedies as are appropriate under the circumstances.

DELTA AIR LINES, INC.

By its attorneys,

*/s/ Richard L. Alfred*

Richard L. Alfred, BBO # 015000
Krista Green Pratt, BBO # 644741
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

Dated: November 30, 2004

---

**Certificate of Service**

I hereby certify that a true copy of the above document was served by first-class mail, postage prepaid, upon the attorney of record for the plaintiff on November 30, 2004.

*/s/ Richard L. Alfred*

---

BOI 15682995.4

6